IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CR-519-D

UNITED STATES OF AMERICA,   )
                            )
                            )
                            )
        v.                  )        **ORDER**
                            )
DOMINIQUE WILLIAMS,         )
                            )
        Defendant.          )

On January 20, 2022, Dominique Williams ("Williams" or "defendant") moved pro se for early release and home confinement [D.E. 73]. On March 25, 2022, Williams moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 74] and, through counsel, filed a memorandum in support [D.E. 81].[1] On May 20, 2022, the government responded in opposition [D.E. 83]. On May 25, 2022, Williams replied [D.E. 84]. As explained below, the court denies Williams's motions for early release and compassionate release.

I.

On March 12, 2019, pursuant to a written plea agreement, Williams pleaded guilty to possession with intent to distribute a quantity of heroin (count two) and possession of a firearm in furtherance of a drug trafficking crime (count three). See [D.E. 1, 30, 32]. On July 25, 2019, the court held a sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See [D.E. 44–46]. The court calculated Williams's total offense level to be 10, his

---

[1] On June 15, 2021, the court denied Williams's first motion for compassionate release. See [D.E. 71].

criminal history category to be III, and his advisory guideline range to be 10 to 16 months' imprisonment on count two and 60 months' consecutive imprisonment on count three. See [D.E. 46] 1. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Williams to 12 months' imprisonment on count two and 60 months' consecutive imprisonment on count three, for a total sentence of 72 months' imprisonment. See [D.E. 45] 2. Williams did not appeal.

II.

Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce a defendant's term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison," and the Director of the Bureau of Prisons ("BOP") has determined the defendant is not a danger to another person or the community. 18 U.S.C. § 3582(c)(1)(A); see United States v. Hargrove, 30 F.4th 189, 194 (4th Cir. 2022); United States v. High, 997 F.3d 181, 185–86 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021) (per curiam), cert. denied, 142 S. Ct. 383 (2021); United States v. McCoy, 981 F.3d 271, 275–77 (4th Cir. 2020). A section 3582(c)(1)(A) sentence reduction must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(1)(A); Hargrove, 30 F.4th at 194.

Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), a defendant must "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). This requirement is nonjurisdictional, and the government waives a defense based on section 3582(c)(1)(A)'s exhaustion requirements if the government does not timely raise it. See United States v. Muhammad, 16 F.4th

2

126, 129–30 (4th Cir. 2021).

When considering a defendant's compassionate release motion, the court determines whether extraordinary and compelling circumstances exist and whether, in the court's discretion, those circumstances warrant relief in light of relevant factors in 18 U.S.C. § 3553(a) and applicable Sentencing Commission policy statements. See Hargrove, 30 F.4th at 194–95; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–32. In evaluating the section 3553(a) factors, the court considers, inter alia, the nature and circumstances of the offense, the history and characteristics of the defendant, a defendant's post-sentencing conduct, the need to deter criminal behavior, the need to promote respect for the law, and the need to protect the public. See 18 U.S.C. § 3553(a); Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Although a court considers a defendant's post-sentencing conduct, rehabilitation alone is not an extraordinary and compelling reason for a sentence reduction. See 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13 cmt. n.3; McCoy, 981 F.3d at 286 n.9.

No Sentencing Commission policy statement currently applies to a defendant's compassionate release motion. See Hargrove, 30 F.4th at 194; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–31; McCoy, 981 F.3d at 281–82. U.S.S.G. § 1B1.13 is a policy statement that applies to compassionate release motions filed by the BOP Director. Nonetheless, section 1B1.13 "remains helpful guidance even when motions are filed by defendants." McCoy, 981 F.3d at 282 n.7; see Hargrove, 30 F.4th at 194. Application Note 1 of U.S.S.G. § 1B1.13 lists several extraordinary and compelling circumstances, including (A) a defendant's serious medical condition, (B) a defendant's age, when coupled with serious physical or mental deterioration due to age and having served 10

3

years or 75 percent of his or her sentence, (C) certain family circumstances in which a defendant's minor children or incapacitated spouse or registered partner would otherwise have no caregiver, or (D) any other extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1(A). "[A]n extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant" a sentence reduction. Id. § 1B1.13 cmt. n.2.

On February 16, 2022, Williams applied to his warden for compassionate release and was denied. See [D.E. 74-1]. The government agrees that Williams has met 3582(c)(1)(A)'s exhaustion requirements. See [D.E. 83] 5. Therefore, the court addresses Williams's motion on the merits. See Muhammad, 16 F.4th at 130.

Williams seeks compassionate release pursuant to section 3582(c)(1)(A) and cites the COVID-19 pandemic, his medical conditions (obesity, hypertension, hemophilia A, former alcohol abuse, and former smoking), his mental health problems, his rehabilitative efforts, his release plan, and his supportive family. See [D.E. 81] 6, 11–17, 22; see e.g., [D.E. 81-1] 24, 40, 72, 91, 114.

As for the "medical condition of the defendant" policy statement, the policy statement requires that the defendant be "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Williams claims he is obese, has hypertension, has hemophilia, and used to smoke and drink frequently and argues his medical conditions put him at heightened risk of serious infection from COVID-19. See [D.E. 81] 13; [D.E. 81-1]; [D.E. 84] 1. Other than the risk from COVID-19, Williams does not argue that the BOP is not providing treatment for his obesity, hypertension, and hemophilia. See [D.E. 81, 84]. Williams has received two doses and a booster shot of the Moderna COVID-19 vaccine. See [D.E. 83-1]; [D.E. 81] 16. The vaccine provides protection. See, e.g.,

United States v. Jacques, No. 20-3276, 2022 WL 894695, at *2 (2d Cir. Mar. 28, 2022) (unpublished); United States v. Scalea, No. 21-2631, 2022 WL 795425, at *1 (3d Cir. Mar. 15, 2022) (unpublished) (noting that although "vaccination does not rule out reinfection . . . this does not diminish that vaccination mitigates the risk of COVID-19 complications"); United States v. Shettler, No. 21-10484, 2022 WL 620311, at *4 (11th Cir. Mar. 3, 2022) (per curiam) (unpublished); United States v. Ibarra, No. 21-10255, 2022 WL 229198, at *1 (9th Cir. Jan. 25, 2022) (unpublished); United States v. Lemons, 15 F.4th 747, 751 (6th Cir. 2021) ("And following full vaccination, it is now well understood, both the likelihood of contracting COVID-19 and the associated risks should one contract the virus are significantly reduced" so that "an inmate largely faces the same risk from COVID-19 as those who are not incarcerated."); United States v. Hald, 8 F.4th 932, 936 n.2 (10th Cir. 2021) (noting "there is certainly room for doubt" that being fully vaccinated or being offered a vaccine "would support a finding of 'extraordinary and compelling reasons'" justifying compassionate release), cert. denied, 142 S. Ct. 2742 (2022); United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."); United States v. Baeza-Vargas, 532 F. Supp. 3d 840, 843–46 (D. Ariz. 2021) (collecting cases showing the "growing consensus" of district courts that have ruled that an inmate receiving a COVID-19 vaccine "weighs against a finding of extraordinary and compelling circumstances"); cf. United States v. Petway, No. 21-6488, 2022 WL 168577, at *2 (4th Cir. Jan. 19, 2022) (per curiam) (unpublished). And the wide availability of COVID-19 vaccines greatly diminishes the risk to Williams from COVID-19 whether he is in prison or not. See, e.g., Scalea, 2022 WL 795425, at *1; Ibarra, 2022 WL 229198, at *1; Lemons, 15 F.4th at 751; Hald, 8 F.4th at 936 n.2; Broadfield, 5 F.4th at 803; Baeza-Vargas, 532 F. Supp. 3d at 843–46. Therefore, reducing

Williams's sentence because of his risk factors and the general risk of COVID-19 in the prison environment does not comport with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, Williams's medical conditions, his mental health problems, his rehabilitative efforts, and his release plan are compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). However, the section 3553(a) factors counsel against reducing Williams's sentence. See Hargrove, 30 F.4th at 194–95, 198–200; High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32.

Williams is 34 years old and engaged in serious criminal conduct in 2018. See PSR ¶¶ 8–10. During a traffic stop, law enforcement recovered .22 grams of heroin and a stolen 9mm handgun from Williams. See id. Williams is a violent recidivist with convictions for speeding, possession of alcohol by a person under age 21, larceny (two counts), possession of a schedule VI controlled substance (two counts), possession of marijuana (three counts), assault on a female (two counts), obtaining property by false pretense (two counts), and attempting to obtain property by false pretense. See id. ¶¶ 15–27. Williams also has a history of violating probation. See id.

Williams has a mixed record while federally incarcerated. He has taken classes on starting a business, drug addiction, and parenting among other topics. See [D.E. 73]; [D.E. 81-1] 1–4. Williams also has been sanctioned for three infractions: refusing an order in 2020, interfering with head count in 2021, and being insolent to staff in 2021. See [D.E. 83-2].

The court must balance Williams's mixed efforts while federally incarcerated with his serious

6

criminal conduct, his serious criminal history, his history of poor performance on probation, the need to punish him, the need to promote respect for the law, the need to protect society, and the need to deter others. Cf. Concepcion v. United States, 142 S. Ct. 2389, 2403–04 (2022); Pepper, 562 U.S. at 480–81; High, 997 F.3d at 187–91; McDonald, 986 F.3d at 412; Martin, 916 F.3d at 398. The court also has considered Williams's potential exposure to COVID-19, his medical conditions, his mental health problems, his rehabilitative efforts, and his release plan. Williams has a release plan that includes living with his mother and being supported by his aunts, uncles, and pastor. See [D.E. 81] 22. The court recognizes Williams has a supportive family and pastor. See id. Having considered the entire record, the extensive steps that the BOP has taken to address COVID-19, the section 3553(a) factors, Williams's arguments, the government's persuasive response, the need to punish Williams for his serious criminal behavior, to incapacitate Williams, to promote respect for the law, to deter others, and to protect society, the court denies Williams's motion for compassionate release. See, e.g., Concepcion, 142 S. Ct. at 2403–04; Chavez-Meza, 138 S. Ct. at 1966–68; High, 997 F.3d at 187–91; Ruffin, 978 F.3d at 1008–09; Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

As for Williams's request for home confinement, it is unclear if Williams requests early release and home confinement as part of supervised release, home confinement under the CARES Act, or a court recommendation to the BOP for home confinement. See [D.E. 73]. The court declines to reduce Williams's sentence, order his release, and order home confinement as part of supervised release. Cf. United States v. Simon, No. 20-6701, 2022 WL 337126, at *1 (4th Cir. Feb. 4, 2022) (per curiam) (unpublished). Moreover, the CARES Act does not provide this court with the authority to grant home confinement. See United States v. Brummett, No. 20-5626, 2020 WL

7

5525871, at *2 (6th Cir. Aug. 19, 2020) (unpublished) ("[T]he authority to grant home confinement remains solely with the Attorney General and the BOP."); United States v. McCoy, No. 3:19-CR-35-KDB-DCK, 2020 WL 5535020, at *1 (W.D.N.C. Sept. 15, 2020) (unpublished); United States v. Gray, No. 4:12-CR-54-FL-1, 2020 WL 1943476, at *3 (E.D.N.C. Apr. 22, 2020) (unpublished). To the extent Williams is requesting that the court recommend home confinement to the BOP, the court declines. Thus, the court dismisses Williams's request for home confinement.

III.

In sum, the court DENIES Williams's motion for compassionate release [D.E. 74], and DISMISSES Williams's request for home confinement [D.E. 73].

SO ORDERED. This 28 day of September 2022.

JAMES C. DEVER III
United States District Judge